IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JESSE J. WHITE,                       )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No. 12-3073
                                      )
CAROLYN COLVIN, Acting                )
Commissioner of Social Security,      )
                                      )
            Defendant.                )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On June 13, 2013, United States Magistrate Judge Byron G.

Cudmore issued a Report and Recommendation (d/e 16) recommending

that the decision of the Commissioner be reversed and the cause

remanded for further proceedings pursuant to sentence four of 42 U.S.C

§ 405(g).  On June 27, 2013, Defendant Carolyn W. Colvin, Acting

Commissioner of Social Security, filed her Objection to the Magistrate

Judge's Report and Recommendation (d/e 17).  The Objection is

DENIED.  The Administrative Law Judge's (ALJ) failure to mention the

evidence from Dr. Ernst Bone, M.D., Dr. Joseph J. Kozma, M.D., Dr. Bharati Jhaveri, M.D., and Dr. David Mack, M.D., together with the failure to address the Vocational Rehabilitation Evaluation (Evaluation) by Timothy Lalk, requires reversal of the Commissioner's decision and remand for further proceedings.

## I.  BACKGROUND

Plaintiff was born on September 23, 1971.  He completed the eleventh grade.  He previously worked as a cashier, construction worker, cook, landscape laborer, and general laborer.  On April 23, 2007, Plaintiff suffered an injury to his left knee in an accident at work.  He has not worked since.

Plaintiff applied for disability insurance benefits and supplemental security income.  The claims were denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ, which was held on April 6, 2011.

The record before the ALJ included documents from: Plaintiff's treating physician, Dr. Jacques VanRyn (treatment and surgery) and Dr. Naheed T. Bashir (for pain management); state agency physician Dr.

Ernst Bone, who prepared a Physical Residual Functional Capacity
Assessment; state agency physician Dr. Joseph J. Kozma, who performed
a Consultative Examination; state agency physician Dr. Bharati Jhaveri,
who prepared a Physical Residual Functional Capacity Assessment; state
agency physician Dr. Vittal Chapa, who performed a Consultative
Examination; Timothy Lalk, a vocational rehabilitation counselor, who
prepared a Vocational Rehabilitation Evaluation (Evaluation); and state
agency physician Dr. David Mack, who prepared a Residual Functional
Capacity Assessment.

Following the hearing, the ALJ issued a decision finding Plaintiff
was not disabled and denying Plaintiff benefits.  In his decision, the ALJ
applied the five-step evaluation process and found: (1) Plaintiff had not
engaged in substantial gainful employment since April 23, 2007 (Step 1);
(2) Plaintiff suffered from severe impairments of status/post left knee
arthroscopy, severe osteoarthritis in the left knee, and obesity (Step 2);
(3) Plaintiff's impairments or combination of impairments did not equal
one of the listed impairments in 20 C.F.R. Part 404, Subpart P,
Appendix 1 (Step 3); (4) Plaintiff had the residual functional capacity to

perform sedentary work, including occasional stooping, kneeling, crouching, and climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds, and Plaintiff could not perform his past relevant work (Step 4); and (5) Plaintiff could perform a substantial number of jobs in the national economy (Step 5).  Record at 26-33.

When determining Plaintiff's Residual Functional Capacity, the ALJ relied on the restrictions that Dr. VanRyn imposed when Plaintiff reached maximum medical improvement in 2008, the consultative examination by Dr. Vittal V. Chapa in 2009, and the x-ray and MRI findings in the summer of 2010.  Record at 29-30.  The ALJ did not mention the Residual Functional Capacity Assessments prepared by Drs. Bone, Mack, or Jhaveri, or the Consultative Examination performed by Dr. Kozma.

The ALJ further found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, Plaintiff's "statements alleging disabling knee pain are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  Record at 31.  The ALJ found that the

evidence did not support Plaintiff's testimony about the severity of the impairments. He also found that Plaintiff's daily activities – cooking simple meals, performing household chores, attending to his own personal hygiene – were inconsistent with the severity of the symptoms. Record at 31.

When determining whether Plaintiff could perform a substantial number of jobs in the national economy, the ALJ considered the medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and the opinions of Dr. James Lanier, Ph.D., who testified that Plaintiff could perform the jobs of document preparer, surveillance system monitor, and addresser.

Plaintiff appealed. The Appeals Council denied his request for review. Plaintiff then filed this action for judicial review.

On February 1, 2013, this Court referred the pending Motions for Summary Judgment to Magistrate Judge Cudmore for Report and Recommendation. On June 13, 2013, Judge Cudmore issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be allowed and Defendant's Motion for Summary

Affirmance be denied.  See Report and Recommendation (d/e 16).  Judge

Cudmore recommended that the decision be reversed and remanded for

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Specifically, Magistrate Judge Cudmore found that the ALJ failed to

articulate his analysis of all the relevant evidence.  First, the ALJ did not

mention Drs. Bone, Kozma, Mack, or Jhaveri when determining

Plaintiff's Residual Functional Capacity.  See Report and

Recommendation, p. 20-26.  Magistrate Judge Cudmore found that while

the opinions of Drs. Bone, Mack, and Jhaveri were generally consistent

with the ALJ's Residual Function Capacity determination, the ALJ should

not have completely omitted relevant medical evidence of this scope.

Second, the ALJ did not mention vocational rehabilitation

counselor Lalk's report and opinion when determining, at Step 5, that

Plaintiff could perform a substantial number of jobs in the national

economy.  Lalk opined that Plaintiff could not maintain employment in

the open labor market, which conflicted with the ALJ's finding at Step 5

of the Analysis that there are jobs that exist in significant numbers in the

national economy that Plaintiff can perform.   Magistrate Judge Cudmore

noted that while the probative value of Lalk's opinion may or may not be significant, the ALJ must consider it.  Report and Recommendation (d/e 16), p. 24, citing  SSR 06-03p, 71 Fed. Reg. 45593, 45596 (August 9, 2006).  In addition, because Lalk's opinion was directly contrary to the ALJ's finding at Step 5, the ALJ should have explained why the evidence was not persuasive.  Report and Recommendation, p. 24.

The parties were advised that any objection to the Report and Recommendation must be filed within 14 days.  On June 27, 2013, the Acting Commissioner filed an Objection to the Report and Recommendation (d/e 17).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to."  This Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed.R.Civ.P. 72(b)(3).

III.  ANALYSIS

The Acting Commissioner of Social Security raises two objections to Magistrate Judge Cudmore's Report and Recommendation (d/e 17). First, the Acting Commissioner argues that the ALJ's decision was consistent with the opinions of Drs. Bone, Mack, and Jhaveri.  The Acting Commissioner further asserts that the Consultative Examination performed by Dr. Kozma did not assess Plaintiff's abilities and was accounted for in Dr. Jhaveri's opinion.  In addition, the Acting Commissioner argues the ALJ cited to other evidence that was more than sufficient to build a logical bridge between the evidence and the ALJ's conclusions.

Second, the Acting Commissioner argues there was no need for the ALJ to discuss the opinions of vocational consultant Lalk because Lalk's opinion was based upon Plaintiff having limitations not found by the ALJ.

Plaintiff responds that the Acting Commissioner's argument violates the Chenery doctrine.  "Under the Chenery doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds

that the agency itself did not embrace." <u>Kastner v. Astrue</u>, 697 F.3d 642 (7th Cir. 2012) citing <u>Securities & Exchange Commission v. Chenery Corp.</u>, 318 U.S. 80, 87-88 (1943). Plaintiff argues that because review by this Court is confined to the rationale offered by the ALJ, speculation that the ALJ's decision is consistent with evidence the ALJ never discussed violates the <u>Chenery</u> doctrine.

Plaintiff also asserts that Social Security Ruling 06-03p required that the ALJ consider Lalk's opinion and articulate his reasons for accepting or rejecting it. Plaintiff argues that under the Acting Commissioner's reasoning, evidence may be ignored and rendered irrelevant if it is inconsistent with the ALJ's ultimate conclusion.

"An ALJ is not required to address every piece of evidence in the record but must provide some glimpse into the reasoning behind [his] decision to deny benefits." <u>Zurawski v. Halter</u>, 245 F.3d 881, 889 (7th Cir. 2001). That is, the ALJ must provide an "'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled." <u>Craft v. Astrue</u>, 539 F.3d 668, 673 (7th Cir. 2008), quoting <u>Young v. Barnhart</u>, 362 F.3d 995, 1002 (7th Cir. 2004). The ALJ must

provide an accurate and logical bridge so that the reviewing court can

"'assess the validity of the agency's ultimate findings and afford [the]

claimant meaningful judicial review.'" Id.

In addition, the ALJ must, at the very least, minimally discuss any

evidence that contradicts the Commissioner's decision.  Godbey v. Apfel,

238 F.3d 803, 808 (7th Cir. 2001) (finding the ALJ failed to address

significant evidence in the record and remanding to the Commissioner

for further proceedings).  Without an explanation for why the ALJ

rejected the evidence, a reviewing court "cannot determine whether the

ALJ properly rejected the evidence, or even considered it at all."

Groskreutz v. Barnhart, 108 Fed. Appx. 412, 416 (7th Cir. 2004)

(unpublished) (remand required where the ALJ failed to discuss a report

prepared by a vocational evaluator that supported the claimant's

subjective complaints of pain and her doctor's work limitations).

In this case, the ALJ failed to mention several pieces of evidence:

the Physical Residual Functional Capacity Assessments by Drs. Bone,

Mack and Jhaveri, the Consultative Examination by Dr. Kozma, and the

Evaluation by Lalk.

An ALJ must consider all relevant evidence in the record, which includes opinion evidence from sources other than medical sources, like the Lalk Evaluation.  See SSR 06-03p, 71 Fed. Reg. at 45594, 45596 (defining "other sources" to include educational personnel, rehabilitation counselors and providing that the "case record should reflect the consideration of opinions from  . . . 'non-medical sources' who have seen the claimant in their professional capacity").  In fact, SSR 06-03p provides that an ALJ "generally should explain the weight given to opinions from these 'other sources' or otherwise ensure that the discussion of the evidence in the determination or decision allowed a claimant or subsequent reviewer to follow the adjudicator's reasoning when such opinions may have an effect on the outcome of the case". SSR 06-03p, 71 Fed. Reg. at 45596.

In the Evaluation, Lalk indicated that he reviewed Plaintiff's medical records, interviewed Plaintiff, and administered vocational tests to Plaintiff.  Lalk concluded that based on Plaintiff's description of his symptoms, his limitations, his history, and the results of testing (which showed, for example, that Plaintiff's reading comprehension was well

below average for his age), Plaintiff would be unable "to secure and maintain employment in the open labor market and is not able to compete for any position."  Record at 670.

In particular, Lalk noted Plaintiff had difficulty sitting through the interview, remained in his seat for 40 minutes before he needed to stand up and move around, and displayed "overt signs of pain behavior." Record at 670.  Lalk believed "no employer will consider [Plaintiff] for any position based upon his presentation.  In my experience an employer will be reluctant to hire an individual who appears to be having symptoms of pain and discomfort from simple activities of standing, walking sitting[,] and changing positions."  Record at 670.  Lalk also opined that Plaintiff "is not able to secure and maintain employment in the open labor market and is not able to compete for any position." Record at 670.  Lalk's findings directly contradict the ALJ's finding at Step 5 that Plaintiff could perform a substantial number of jobs in the national economy.

The ALJ was required to, and did not, minimally address why he rejected Lalk's Evaluation.  See Rice v. Barnhart, 384 F.3d 363, 371 (7th

Cir. 2004) (An ALJ need only "minimally articulate his or her justification for rejecting or accepting specific evidence of disability"). In fact, the ALJ did not even mention Lalk's Evaluation. Therefore, this Court does not know if the ALJ even considered the Evaluation. The failure to mention the Lalk Evaluation warrants reversal and remand of this cause.

As the Acting Commissioner notes, the Physical Residual Functional Assessments by Drs. Bone, Mack, and Jhaveri and the Consultative Examination by Dr. Kozma are largely consistent with the evidence considered by the ALJ and the ALJ's Residual Functional Capacity determination. However, Dr. Kozma also noted that Plaintiff's left knee was larger and had a more pronounced decrease of range of motion. Record at 555. The ALJ also, while mentioning Dr. Chapa's report, did not address Dr. Chapa's findings that Plaintiff had moderate difficulty getting on and off the examination table and could not perform tandem walking, walking on toes, walking on heels, squatting and arising. Record at 583.

Given the volume of evidence not addressed by the ALJ, remand is required.  <u>See</u>, <u>e.g.</u>, <u>Zurawski</u>, 245 F.3d at 888 (remanding where the ALJ only mentioned the medical evidence favoring the denial of benefits and failed to mention evidence that favored the claimant or explain why that evidence was overcome by the evidence upon which she relied).

## IV.  CONCLUSION

For the reasons stated, the Acting Commissioner's Objection to the Magistrate Judge's Report and Recommendation (d/e 17) is DENIED. This Court ADOPTS the Magistrate Judge's Report and Recommendation (d/e 16) in full.  Plaintiff's Motion for Summary Judgment (d/e 7) is GRANTED and Defendant's Motion for Summary Affirmance (d/e 14) is DENIED.  The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

ENTER: August 1, 2013

FOR THE COURT:

<u>        s/Sue E. Myerscough        </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE